IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREG WILLIAMS, individually and on behalf of all others similarly situated,<br>Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| GLOBAL PAYMENTS CHECK SERVICES, INC.<br>Defendant. | § § § § | COMPLAINT – CLASS ACTION |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Greg Williams (hereinafter "Plaintiff Williams") files this Original Class Action Complaint. Plaintiff Williams institutes this class action in accordance with and to remedy violations by Defendant Global Payments Check Services, Inc. of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff brings this action both individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant's unlawful conduct as it affects all others residing within the United States.

## PARTIES

1. Plaintiff Greg Williams is a natural person who resides in Denton County, Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. Defendant Global Payments Check Services, Inc. is an Illinois corporation with its principal place of business at 208 S. La Salle Street, Suite 814, Chicago, IL 60604-1101. It may be served with process by serving its registered agent, CT Corporation System, 208 S. La Salle Street, Suite 814, Chicago, IL 60604-1101.

3. All conditions precedent to this lawsuit have occurred.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1692 and 28 U.S.C.A. § 1331.

5. Venue in this District if appropriate under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS RELATED TO PLAINTIFF WILLIAMS

6. On 3/18/2009, Plaintiff Williams wrote check number 7287 to Lids at North Park in Dallas, Texas. The check was dishonored when presented to Plaintiff Williams' bank by Lids at North Park.

7. After the check was dishonored, Lids at North Park assigned the debt created by Plaintiff Williams' dishonored check to Defendant Global Payment Check Services, Inc. (hereinafter "Defendant GPCSI"), a debt collection company.

8. Defendant GPCSI sent a letter dated 4/7/2009 to Plaintiff Williams advising him that his check to Lids at North Park had been dishonored, that the debt had been assigned to Defendant GPCSI, that he now owed Defendant GPCSI the amount of the dishonored check plus a $30 "service charge", and that his check had been submitted for electronic re-presentment by Defendant GPCSI.

9. On 4/10/2009, Plaintiff Williams' check cleared his bank account upon electronic re-presentment.

10. On 4/21/2009, Plaintiff Williams contacted Defendant GPCSI as directed in the 4/7/2009 letter and paid the $30 "service charge" that remained outstanding. Plaintiff Williams

paid the $30 "service charge" directly to Defendant GPCSI as reflected by his account statement.

11. By seeking to collect and by subsequently collecting a $30 "service charge", Defendant GPCSI sought to collect and did collect an "unreasonable" service charge. On information and belief, Defendant GPCSI sought to collect and did collect an "unreasonable" service charge from many similarly situated consumers without any basis for the charged amount.

## CLASS ALLEGATIONS

12. This action is maintained as a class action on behalf of the following described class (hereinafter "the Class"):

> All consumers nationwide against whom Defendant or its agents have attempted to collect a service charge associated with a check returned for insufficient funds.

This Class does not include any employees of Defendant GPCSI or the judges assigned to this action and/or their relatives.

13. The above unlawful practice is Defendant GPCSI's routine procedure for collecting dishonored checks.

14. The collection or attempted collection of the service charge from Plaintiff Williams and Class Members in this manner violates both federal and state laws.

15. The unlawful actions of Defendant GPCSI directly, foreseeably, and proximately caused Plaintiff Williams and Class Members injury for which they are entitled reasonable compensation.

16. The members of the class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of the Class is

unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and can be determined from records maintained by Defendant.

17. The claims of Plaintiff Williams are typical of all members of the Class, and Plaintiff Williams is committed to the vigorous prosecution of this action and has retained competent counsel experienced in complex litigation of this nature.

18. This class action against Defendant GPCSI is proper for certification under FED.R.CIV.P. 23(b)(1)(A), 23(b)(2) and 23(b)(3) because the claims of the putative class grow out of the same actions and policies, and rest on the same grounds, applying more or less equally to all of the Class Members.

19. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Certification pursuant to FED.R.CIV.P. 23(b)(1)(A) is therefore warranted. The prosecution of separate actions by or against individual members of the class would also involve the risk that adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest. Certification pursuant to FED.R.CIV.P. 23(b)(1)(B) is therefore warranted.

20. Defendant GPCSI has acted or has refused to act on grounds applicable to the class as a whole, thereby making final injunctive relief appropriate. Therefore, certification pursuant to FED.R.CIV.P. 23(b)(2) is warranted.

21. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Class Members do not have a particular interest in

individually controlling the prosecution of separate actions. Plaintiff Williams envisions no difficulty in the management of this case as a class action. Absent a class action, Defendant GPCSI will likely continue to unlawfully collect service charges and profit directly therefrom.

22. There are questions of law and fact that are common to the members of the Class that predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, the following:

   a. Do Defendant GPCSI's actions constitute a violation of Section 808 of the Fair Debt Collections Practices Act, 15 U.S.C.A. § 1692f?

   b. Is the charging of $30.00 for a service charge a reasonable fee, for a payment that has been honored upon electronic re-payment?

23. Notice can be provided to members of the Class efficiently because Defendant GPCSI maintains contact information for all members of the Class.

24. Unless Defendant GPCSI is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff Williams and the members of the Class will suffer substantial and irreparable injury for which they have no adequate remedy at law.

### Count One

### *Violations of the FDCPA by Defendant GPCSI*

25. The acts of Defendant GPCSI constitute a violation of section 808 of the FDCPA which prohibits the use, by a debt collector, or any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

26. Defendant GPCSI sought to collect and did collect a $30.00 "service charge" which is an unreasonable fee that is prohibited by state law. TEX. BUS. & COMM. CODE § 3.506(b). By engaging in this conduct, Defendant GPCSI has attempted to collect and actually

collected an amount that is not expressly permitted by law in violation of §808(1) of the Fair Debt Collection Practices Act.

27. Defendant GPCSI's described acts in violation of the FDCPA have directly and proximately caused Plaintiff Williams and Class Members' injury for which they are entitled to actual damages, statutory damages, and reasonable attorney's fees and costs and other legal and equitable relief pleaded herein.

**WHEREFORE,** Plaintiff Williams prays that this Court grant the following relief:

a. Enter an order certifying this action as a class action pursuant to FED.R.CIV.P. 23(b)(1)(A), 23(b)(2), 23(b)(3), and, in the event that Defendant GPCSI shows the existence of a limited fund, under FED.R.CIV.P. 23(b)(1)(B).

b. Order Defendant GPCSI to disgorge all sums collected as a result of its unlawful conduct;

c. Award Plaintiff Williams and Class Members actual damages;

d. Award Plaintiff Williams and Class Members punitive damages;

e. Award Plaintiff Williams and Class Members statutory damages;

f. Award Plaintiff Williams and Class Members reasonable attorneys' fees, expenses and costs, and

g. Grant such other relief that equity and the law deems appropriate.

Respectfully submitted,

/s/ John R. Howie, Jr.
John R. Howie, Jr.
State Bar No. 24027239
HOWIE LAW, P.C.
4040 N. Central Expressway, Suite 850
Dallas, Texas 75204
Telephone: (214) 622-6340
Telecopier: (214) 622-6341

**LAW OFFICES of BEN C. MARTIN, L.L.P.**
Ben C. Martin (of Counsel)
State Bar No. 13052400
Thomas Wm. Arbon (of Counsel)
State Bar No. 01284275
3219 McKinney Avenue
Suite 100
Dallas, TX 75204
214-761-6614
214.744.7590 – Facsimile
bmartin@bencmartin.com

**LAW OFFICES of WALT D. ROPER P.C.**
Walt D. Roper (of Counsel)
State Bar No. 00786208
3100 Monticello Avenue
Suite 500
Dallas, TX 75205
972.755.2525
214.378.6670 – Facsimile
walt@roperfirm.com

ATTORNEYS FOR PLAINTIFF