IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREG WILLIAMS, individually and on behalf of all others similarly situated,<br>  Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION NO. 3:10-CV-698 |
| GLOBAL PAYMENTS CHECK SERVICES, INC.<br>  Defendant. | § § § § | COMPLAINT – CLASS ACTION |

**FIRST AMENDED CLASS ACTION COMPLAINT**

*Jury Trial Requested*

Plaintiff Greg Williams (hereinafter "Plaintiff Williams") files this First Amended Class Action Complaint. Plaintiff Williams institutes this class action in accordance with and to remedy violations by Defendant Global Payments Check Services, Inc. of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.303(a)(2) (hereinafter "TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.01 *et seq.* (hereinafter "DTPA"). Plaintiff brings this action both individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant's unlawful conduct as it affects all others residing within the United States.

**PARTIES**

1. Plaintiff Greg Williams is a natural person who resides in Denton County, Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

2. Defendant Global Payments Check Services, Inc. is an Illinois corporation with its principal place of business at 208 S. La Salle Street, Suite 814, Chicago, IL 60604-1101.

Defendant Global Payments Check Services, Inc. has been served and is properly before the Court.

3.All conditions precedent to this lawsuit have occurred.

## JURISDICTION AND VENUE

4.This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1692 and 28 U.S.C.A. § 1331.

5.Venue in this District if appropriate under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS RELATED TO PLAINTIFF WILLIAMS

6.On 3/18/2009, Plaintiff Williams wrote check number 7287 to Lids at North Park in Dallas, Texas. The check was dishonored when presented to Plaintiff Williams' bank by Lids at North Park.

7.After the check was dishonored, Lids at North Park assigned the debt created by Plaintiff Williams' dishonored check to Defendant Global Payment Check Services, Inc. (hereinafter "Defendant GPCSI"), a debt collection company.

8.Defendant GPCSI sent a letter dated 4/7/2009 to Plaintiff Williams advising him that his check to Lids at North Park had been dishonored, that the debt had been assigned to Defendant GPCSI, that he now owed Defendant GPCSI the amount of the dishonored check plus a $30 "service charge" (hereinafter "NSF Fee"), and that his check had been submitted for electronic re-presentment by Defendant GPCSI.

9.On 4/10/2009, Plaintiff Williams' check cleared his bank account upon electronic re-presentment.

10.     On 4/21/2009, Plaintiff Williams contacted Defendant GPCSI as directed in the 4/7/2009 letter and paid the $30 NSF Fee that remained outstanding.  Plaintiff Williams paid the $30 NSF Fee directly to Defendant GPCSI as reflected by his account statement.

11.     Electronic re-presentment is a computerized, automated means of re-submitting a check that failed to clear upon initial presentation to a consumer's bank account for payment.  Given the automated nature of the process, it allows for the transaction to occur at a nominal cost.  When compared to the $30 NSF Fee charged to the Plaintiff by Defendant, the charge grossly exceeds the cost actually incurred by the Defendant in handling the dishonored check.  While at one point in time, there may have been a cost associated with handling a dishonored check, the technological advancements relating to electronic re-presentment have nearly eliminated any cost associated with this type of a transaction.  Notwithstanding the aforementioned, Defendant has chosen to convert this process into a profit center by charging the $30 NSF cap contained in the statute, despite the fact that such cap is grossly disproportionate to the actual cost incurred by Defendant.  Under the facts of this case, the $30 NSF fee collected by Defendant is not a reasonable fee as permitted by law.

12.     By seeking to collect –  and by subsequently collecting – a $30 NSF Fee, Defendant GPCSI sought to collect and did collect an "unreasonable" NSF Fee in violation of Texas law.  On information and belief, Defendant GPCSI sought to collect and did collect an "unreasonable" NSF Fee from many similarly situated consumers without any attempt to charge a reasonable fee.  Instead, Defendant sought to collect, and has actually collected, the $30 NSF Fee without any regard to the reasonableness of such amount, in violation of Texas law.

## CLASS ALLEGATIONS

13. This action is maintained as a class action on behalf of the following described class (hereinafter "the Class"):

> All consumers in the states of Texas, Hawaii, Montana, Oregon, or Kentucky who (1) received a letter or notice from Defendant seeking or attempting to collect a NSF Fee in connection with a personal check returned for insufficient funds; or (2) paid a NSF Fee to Defendant in connection with a personal check returned for insufficient funds.
>
> This Class does not include any employees of Defendant GPCSI or the judges assigned to this action and/or their relatives.

14. The above unlawful practice is Defendant GPCSI's routine procedure for collecting dishonored checks.

15. The collection or attempted collection of the NSF Fee from Plaintiff Williams and Class Members in this manner violates both federal and state laws.

16. The unlawful actions of Defendant GPCSI directly, foreseeably, and proximately caused Plaintiff Williams and Class Members injury for which they are entitled reasonable compensation.

17. The members of the class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of the Class is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and can be determined from records maintained by Defendant.

18. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced and capable in class action litigation, and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duties to the class under FED. R. CIV. P. 23 and is committed to vigorously protecting the rights of absent members of the class

19.     Plaintiff is asserting claims that are typical of the claims of each member of the class he seeks to represent, in that the claims of all members of the class, including Plaintiff, depend upon a showing that the Defendant engaged in the collection and/or attempted collection of an unreasonable fee in connection with a personal check returned for insufficient funds.  All claims alleged on behalf of the class flow from this conduct as well.   Further, there is no conflict between Plaintiff and other members of the class with respect to this action.

20.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  Questions of law and fact arising out of Defendant's conduct are common to all members of the class, and such common issues of law and fact predominate over any questions affecting only individual members of the class.   Common issues of law and fact include, but are not limited to, the following:

   a.     Is Defendant GPCSI a debt collector as defined by the Texas Debt Collection Act and the Fair Debt Collection Practices Act?

   b.     Do Defendant GPCSI's actions constitute a violation of Section 808 of the Fair Debt Collections Practices Act, 15 U.S.C.A. § 1692f?

   c.     Is the charging of $30.00 for a NSF Fee a reasonable fee, for a payment that has been honored upon electronic re-presentment?

21.     The relief sought is common to the entirety of the class.

22.     Defendant has acted on grounds generally applicable to the class, thereby making final declaratory relief or corresponding injunctive relief appropriate with respect to the class as a whole.

23.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the Defendant.

24. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of each class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

25. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   (i)   significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   (ii)  the size of the individual damages claims of most members of the class is too small to make individual litigation an economically viable alternative, such that few members of the class have any interest in individually controlling the prosecution of a separate action;

   (iii) without the representation provided by Plaintiffs herein, few, if any, members of the class will receive legal representation or redress for their injuries;

   (iv)  class treatment is required for optimal deterrence;

   (v)   despite the relatively small size of the claims of many individual members of the class, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

   (vi)  no unusual difficulties are likely to be encountered in the management of this class action;

   (vii) Plaintiff and the members of the class have all suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct;

   (viii) absent a class action, Defendant will likely retain hundreds of thousands – perhaps millions – of dollars received as a result of its wrongdoing, and its illegal conduct shall go unremedied and uncorrected; and

   (ix) absent a class action, the members of the class will not receive compensation, will continue to suffer losses, and Defendant will be allowed to retain the proceeds of its ill-gotten gains.

26. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## Count One

### *Violations of the FDCPA by Defendant GPCSI*

27. The acts of Defendant GPCSI constitute a violation of section 808 of the FDCPA which prohibits the use, by a debt collector, or any unfair or unconscionable means to collect or attempt to collect any debt. *See* 15 U.S.C. § 1692f.

28. Defendant GPCSI sought to collect and did collect a $30.00 NSF Fee which is an unreasonable NSF Fee that is prohibited by state law when compared to its actual costs incurred in processing the Plaintiff's check. *See, e.g.,* TEX. BUS. & COMM. CODE § 3.506(b); HAW. REV. STAT. § 490:3-506:5 (2008); MONT. CODE ANN. § 27-1-7171(2) (2007); OR. REV. STAT. ANN. § 30.701(5) (2008); KY. REV. STAT. ANN. § 514.040(4)(b) (2008). By engaging in this conduct, Defendant GPCSI has attempted to collect and actually collected an amount that is not expressly permitted by law in violation of §808(1) of the Fair Debt Collection Practices Act.

29. Defendant GPCSI's described acts in violation of the FDCPA have directly and proximately caused Plaintiff Williams and Class Members' injury for which they are entitled to actual damages, statutory damages, and reasonable attorney's fees and costs and other legal and equitable relief pleaded herein.

## Count Two

### *Violations of the TDCA by Defendant GPCSI*

30.     The acts of Defendant GPCSI constitute a violation of the TDCA, TEX. FIN. CODE § 392.303, which prohibits the use, by a debt collector, or any unfair or unconscionable means to collect or attempt to collect any debt. *See* TEX. FIN. CODE § 392.303.

31.     Defendant GPCSI sought to collect and did collect a $30.00 NSF Fee which is an unreasonable NSF Fee that is prohibited by state law when compared to its actual costs incurred in processing the Plaintiff's check. *See* TEX. BUS. & COMM. CODE § 3.506(b). By engaging in this conduct, Defendant GPCSI has attempted to collect – and has actually collected – an amount in excess of what is permitted by law in violation of the TDCA, TEX. FIN. CODE § 392.303(a)(2).

32.     Defendant GPCSI's described acts in violation of the TDCA have directly and proximately caused Plaintiff Williams and Class Members' injury for which they are entitled to actual damages, reasonable attorney's fees and costs, and other legal and equitable relief pleaded herein.

33.     In addition, Defendant GPCSI's actions constitute the type of conduct for which Section 37.001 *et seq.* of the Texas Civil Practice and Remedies Code (the "Declaratory Judgment Act") and 28 U.S.C. § 2201 allow for declaratory judgment to determine the rights, statutes, and/or legal relations of the parties.

34.     Plaintiff further pleads that this case is ripe for an injunction under the Texas Finance Code § 392.403(1) to enjoin Defendant GPCSI from seeking to collect unreasonable NSF Fees in violation of Texas law. Consequently, Plaintiff and all Class Members request that the Court enter an injunction to prevent the Defendant from committing future violations of the Texas Debt

Collection Act and the Fair Debt Collection Practices Act by attempting to collect an unreasonable NSF Fee that is grossly disproportionate to the actual costs incurred in re-presentment of the dishonored check.

### **Count Three**

### *Violations of the DTPA by Defendant GPCSI*

35. The acts of Defendant GPCSI in violating the TDCA also constitute a violation of the DTPA. TEX. FIN. CODE § 392.404.

36. The actions and omissions committed by Defendant GPCSI as described herein were committed knowingly and/or intentionally.

37. Defendant GPCSI's described acts in violation of the DTPA have directly and proximately caused Plaintiff Williams and Class Members' injury for which they are entitled to actual damages, additional statutory damages, reasonable attorney's fees and costs, and other legal and equitable relief pleaded herein.

**WHEREFORE,** Plaintiff Williams and the members of the Class pray that the Court enter judgment in their favor against Defendant as follows:

a. Enter an order certifying this action as a class action pursuant to FED.R.CIV.P. 23(b)(2) and/or 23(b)(3).

b. Declaring:

   i. Defendant's assessment of a $30 fee for NSF checks constitutes an unreasonable fee under the laws of Texas;

   ii. Defendant's assessment of a $30 fee for NSF checks constitutes an unreasonable fee under the laws of Hawaii

   iii. Defendant's assessment of a $30 fee for NSF checks constitutes an unreasonable fee under the laws of Montana;

   iv. Defendant's assessment of a $30 fee for NSF checks constitutes an unreasonable fee under the laws of Oregon;

        v.        Defendant's assessment of a $30 fee for NSF checks constitutes an unreasonable fee under the laws of Kentucky.

c. Enter preliminary and permanent injunctive relief requiring Defendant to cease all efforts to collect any fees from Plaintiff and Class Members in excess of the actual costs incurred in re-presentment of dishonored checks;

d. Ordering Defendant to disgorge all sums collected as a result of its unlawful conduct;

e. Awarding Plaintiff Williams and Class Members actual damages;

f. Awarding Plaintiff Williams and Class Members punitive damages;

g. Awarding Plaintiff Williams and Class Members statutory damages;

h. Awarding Plaintiff Williams and Class Members reasonable attorneys' fees, expenses and costs, and

i. Granting such other relief that equity and the law deems appropriate.

Respectfully submitted,

/s/ John R. Howie, Jr.

John R. Howie, Jr.
State Bar No. 24027239
**HOWIE LAW, P.C.**
4040 N. Central Expressway, Suite 850
Dallas, Texas 75204
Telephone: (214) 622-6340
Telecopier: (214) 622-6341

**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL:**

Ben C. Martin (of Counsel)
State Bar No. 13052400
Thomas Wm. Arbon (of Counsel)
State Bar No. 01284275
**LAW OFFICES of BEN C. MARTIN, L.L.P.**
3219 McKinney Avenue
Suite 100
Dallas, TX 75204
214-761-6614
214.744.7590 – Facsimile

Walt D. Roper (of Counsel)
State Bar No. 00786208
**LAW OFFICES of WALT D. ROPER P.C.**
3100 Monticello Avenue
Suite 500
Dallas, TX 75205
972.755.2525
214.378.6670 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on this the 25th day of June, 2010, a true and correct copy of the above and foregoing was forwarded to the following counsel of record by the service method indicated below:

| | | |
|---|---|---|
| Jeffrey G. Hamilton | [ ] | U.S. Mail |
| Jackson Walker L.L.P. | [X] | Electronic Notification Delivery |
| 901 Main Street, Suite 6000 | [ ] | Facsimile |
| Dallas TX 75202 | [ ] | CM/RRR |
| | | |
| Scott L. Bonder | [ ] | U.S. Mail |
| Fried & Bonder, LLC | [X] | Electronic Notification Delivery |
| 1170 Howell Mill Rd., NW, Suite 305 | [ ] | Facsimile |
| Atlanta GA 30318 | [ ] | CM/RRR |
| | | |
| Ben C. Martin | [ ] | U.S. Mail |
| Thomas Wm. Arbon | [X] | Electronic Notification Delivery |
| LAW OFFICES OF BEN C. MARTIN, L.L.P. | [ ] | Facsimile |
| 3219 McKinney Avenue | [ ] | CM/RRR |
| Suite 100 | | |
| Dallas, TX 75201 | | |
| | | |
| Walt D. Roper | [ ] | U.S. Mail |
| LAW OFFICES OF WALT D. ROPER, P.C. | [X] | Electronic Notification Delivery |
| 3100 Monticello Avenue | [ ] | Facsimile |
| Suite 500 | [ ] | CM/RRR |
| Dallas, Texas 75205 | | |

/s/ John Howie, Jr.
John Howie, Jr.