IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GREG WILLIAMS** individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | | |
| v. | § | Civil Action No. **3:10-CV-698-L** |
| **GLOBAL PAYMENTS CHECK SERVICES, INC.,** | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion for Class Certification, filed July 6, 2010; Defendant's Motion to Dismiss, filed July 28, 2010; and Plaintiff's Motion for Leave to File Second Amended Class Action Complaint, filed October 12, 2010. After careful consideration of the motions, briefs, responses, replies, and applicable authority, the court **grants** Plaintiff's Motion for Leave to File Second Amended Class Action Complaint, **denies without prejudice** Defendant's Motion to Dismiss, and **denies without prejudice** Plaintiff's Motion for Class Certification.

The decision to allow amendment of pleadings is within the sound discretion of the district court. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). In determining whether to allow an amendment of pleadings, the court considers the following: undue delay in the proceedings, undue prejudice to the opposing party, timeliness of the amendment, failure to cure prior deficiencies, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

**Memorandum Opinion and Order - Page 1**

Plaintiff Greg Williams ("Plaintiff" or "Williams") contends that he should be allowed to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure because (1) no scheduling order has been entered in this case; (2) no deadline for amendment of pleadings has been set by the court; (3) the court has not ruled on Plaintiff's Motion for Class Certification; and (4) Defendant Global Payments Check Services, Inc. ("Defendant" or "Global") will suffer no undue prejudice if Plaintiff is allowed to amend. Global counters that the court should deny leave to amend because the proposed amendment is futile in that it fails to state a facially plausible claim. The court agrees with Plaintiff.

The court believes that, given the stage of this litigation, Plaintiff should be given ample opportunity to adequately plead his case to overcome the deficiencies raised in Defendant's Motion to Dismiss. The court believes that it would be premature and improvident for it to make a decision regarding futility prior to the filing of the amended pleading in this case. The court determines that the better approach is to allow the amended pleading, allow Global to file a second motion to dismiss, and provide the parties an opportunity to brief their positions to the court regarding the amended pleading. Further, the court determines that Global suffers no undue prejudice by the amendment, as it will have adequate opportunity to address the amended complaint. Because the court will allow Williams to file Plaintiff's Second Amended Class Action Complaint, it will allow *no further amendments* during the pendency of a second motion to dismiss filed by Global.

For the reasons herein stated, the court **grants** Plaintiff's Motion for Leave to File Second Amended Class Action Complaint. Williams shall file Plaintiff's Second Amended Class Action Complaint by **April 4, 2011.** In light of this ruling, the court **denies without prejudice** Defendant's Motion to Dismiss. Further, the court determines that it should rule on a dispositive motion prior

to ruling on a motion for class certification. Accordingly, the court **denies without prejudice** Plaintiff's Motion for Class Certification.

Defendant's second motion to dismiss must be filed by **April 25, 2011**. The response to the motion by Plaintiff and the reply by Global shall be filed in accordance with the Local Civil Rules of this court. Finally, if the court denies the second motion to dismiss, any motion requesting class certification must be filed within **fourteen days** of such denial.

**It is so ordered** this 30th day of March, 2011.

Sam A. Lindsay
United States District Judge